UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN G. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 994 |
| | ) | Hon. George W. Lindberg |
| DENNIS T. SCHOEN, | ) | |
| individually, and SCHOEN | ) | |
| BROWNE, P.C., f/k/a | ) | |
| DENNIS T. SCHOEN, P.C. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendants Dennis T. Schoen and Schoen Browne, P.C.'s (collectively "defendants") motion to dismiss plaintiff John G. Mitchell's ("Mitchell" or "plaintiff") complaint. For the reasons set forth below, defendants' motion is denied as to Counts I and III and granted as to Count II.

*I. Relevant Facts*

On February 11, 2011, Mitchell filed a three-count complaint against Dennis T. Schoen ("Schoen"), individually, and Schoen's law firm, Schoen Browne, P.C. The complaint alleges claims for negligence legal malpractice (Count I); breach of contract (Count II); and breach of fiduciary duty (Count III).

In March 2004, Mitchell retained Schoen to represent him in a personal injury case against his employer, Central Marine Logistics (the "underlying action"). In the underlying action, Mitchell sought monetary damages for injuries he sustained in a work-related accident that occurred on August 31, 2003.

On September 1, 2006, three years and one day after Mitchell's injury, Schoen filed a personal injury action on Mitchell's behalf in Illinois state court. Mitchell alleged common law tort claims and claims arising under the Jones Act, 46 U.S.C. App. §688. The statute of limitations in Illinois for common law torts and actions under the Jones Act are two and three years, respectively.

On or about May 24, 2007, Schoen allegedly attempted to coerce Mitchell into signing a perjured affidavit concerning the date of the accident to preserve the underlying action. Mitchell refuse to signed the affidavit and on June 7, 2007, Schoen delivered a letter to Mitchell, admitting a potential basis for Mitchell to pursue a legal malpractice claim against him, and suggesting that he seek alternative counsel. On October 17, 2007, Schoen withdrew as counsel for Mitchell in the underlying action.

On February 15, 2008, the underlying action was dismissed for want of prosecution. Mitchell subsequently hired alternative counsel, who, on February 9, 2009, re-filed a complaint related to the August 2003 accident. On October 6, 2009, the re-filed action was dismissed with prejudice on timeliness grounds. In the instant case, Mitchell claims that he has suffered pecuniary losses because Schoen filing the underlying action outside of the applicable statute of limitations and the action was eventually dismissed with prejudice.

## II. Legal Analysis

### A. Rule 12(b)(6) Standard

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Mitchell's complaint must provide grounds for relief that are more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167L.Ed.2d 929 (2007). A formulaic recitation of the elements of a cause of action will not suffice. *Id.*

Instead, Mitchell's factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Id*. at 570. When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations contained in the complaint and draw reasonable inferences in Mitchell's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

### B. Count I

Defendants posit two different grounds for dismissing Count I. First, defendants argue that Mitchell's malpractice claim is barred because at the time Schoen withdrew as Mitchell's counsel, the underlying action was still viable. Defendants are correct that a client cannot prevail on a legal malpractice claim against his attorney if the underlying cause of action was viable at the time the attorney was discharged. *See Land v. Greenwood*, 133 Ill. App. 3d 537, 541 (4th Dist. 1985). However, in the instant case, the viability of the underlying action at the time Schoen withdrew is a disputed question of fact. *See Mitchell v. Schain, Fursel & Burney, LTD.*, 332 Ill. App. 3d 618, 621 (2002). As stated above, at this stage in the proceedings the Court must take plaintiff's factual allegations as true. Mitchell claims that the underlying action was not viable when Schoen withdrew, therefore, Count I will not be dismissed on this basis.

Next, Defendants argue that the complaint should be dismissed in its entirely because all three claims are barred by the applicable statute of limitations. A violation of the statute of limitations applicable to a cause of action is an affirmative defense under Rule 8(c), and not a basis for dismissal. *U.S. v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Accordingly, the complaint will not be dismissed on statute of limitations grounds.

3

### C. Counts II and III

Defendants move to dismiss Mitchell's breach of contract (Count II) and breach of fiduciary duty (Count III) claims, arguing that they are duplicative of the legal malpractice claim (Count I). If a contract and tort claim stem from the same common nucleus of operative facts and result in the same injury, the contract claim should be dismissed as duplicative. *Hoagland ex rel. Midwest Transit Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004)(citing *Majumdar v. Lurie*, 653 N.E.2d 915, 920 (Ill. App. 1st Dist. 1995).

Mitchell alleges the same operative facts and injury in both his legal malpractice and his breach of contract claims. Therefore, the motion to dismiss is granted as to Count II. However, a different set of operative facts, at least in part, give rise to Mitchell's breach of fiduciary duty claim. That claim includes an allegation that Schoen attempted to have Mitchell sign a false affidavit. The false affidavit allegation is not included in the legal malpractice claim. Because Count III is based, at least in part, on a different set of operative facts than Count I, the motion to dismiss is denied as to the breach of fiduciary duty claim.

### III. Summary

In summary, the motion to dismiss is granted as to the breach of contract claim (Count II) and denied as to the legal malpractice (Count I) and breach of fiduciary duty (Count III) claims.

**ORDERED:** Defendants' motion to dismiss [11] is granted in part and denied in part. Count II of the complaint is dismissed. Defendants are ordered to answer Counts I and III of the complaint by June 11, 2011.

Entered: /s/ George W. Lindberg
George W. Lindberg
Senior U.S. District Court Judge

Dated: May 31, 2011

5