UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 994 |
| | ) | |
| v. | ) | Hon. George W. Lindberg |
| | ) | |
| DENNIS T. SCHOEN, individually and SCHOEN BROWN, P.C., f/k/a/ DENNIS T. SCHOEN, P.C., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendants' Dennis T. Schoen ("Schoen") and Schoen Brown, P.C. (collectively "defendants") motion for summary judgment as to the two remaining claims in plaintiff John Mitchell's ("Mitchell" or "plaintiff") complaint. For the reasons set forth more fully below, defendants' motion for summary judgment is granted as to the remaining counts, Counts I and III, of the complaint because those claims are barred by the applicable two-year statute of limitations. Defendants' third party complaint for contribution against Janice Gambill [41] is denied as moot. All other pending motions are also denied as moot.

*I. Relevant Facts*

The following facts are undisputed. On February 11, 2011, Mitchell filed a three-count complaint against Schoen, individually, and his law firm, Schoen Browne, P.C., alleging legal malpractice (Count I), breach of contract (Count II), and breach of fiduciary duty (Count III). Mitchell's claims stemmed from Schoen's legal representation of Mitchell in an underlying state court action alleging a violation of the Jones Act, 46 U.S.C. §688, in connection with injuries Mitchell sustained on August 31, 2003, while working as a Seaman for Central Marine Logistics,

Inc. On May 31, 2011, this Court dismissed Mitchell's breach of contract claim (Count II), finding that it was duplicative of his legal malpractice claim.

735 ILCS 5/13-214.3(b) provides that a two-year statute of limitations applies to Mitchell's remaining legal malpractice and breach of fiduciary duty claims. 735 ILCS 5/13-214.3(b) states, in pertinent part:

> An action for damages based on tort, contract, or otherwise (I) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

In March 2004, Mitchell retained Schoen to represent him in a personal injury case against his employer Central Marine Logistics, Inc. (the "underlying action"). In the underlying action, Mitchell sought monetary damages for injuries he sustained in a work-related accident that occurred on August 31, 2003.

On September 1, 2006, three years and one day after Mitchell's injury, Schoen filed a personal injury action on Mitchell's behalf in Illinois state court. Mitchell alleged common law tort claims and claims arising under the Jones Act. The statute of limitations in Illinois for common law torts and actions under the Jones Act are two and three years, respectively. On June 7, 2007, Schoen delivered a letter to Mitchell, admitting a potential basis for Mitchell to pursue a legal malpractice claim against him based on an expired statute of limitations, and suggesting that Mitchell seek alternative counsel. On October 17, 2007, Schoen withdrew as counsel for Mitchell in the underlying action. On February 15, 2008, months after Schoen withdrew as counsel, the underlying action was dismissed for want of prosecution.

Mitchell's subsequent counsel in the underlying action never attempted to vacate the dismissal for want of prosecution. Instead, subsequent counsel filed a complaint related to the August 2003 accident in the United States District Court for the Northern District of Indiana. The federal case was dismissed, with prejudice, on October 6, 2009 as untimely. Thereafter, Mitchell filed the instant legal malpractice case on February 11, 2011.

## *II. Legal Analysis*

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, this Court "may not weigh the evidence or engage in fact-finding but should simply determine whether there is a genuine issue for trial." *Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 527 (7th Cir. 2008).

Under Illinois law, a cause of action for legal malpractice accrues when the client discovers, or should have discovered, the facts establishing the elements of his cause of action. *Woidtke v. St. Clair County, Illinois*, 335 F.3d 558, 562 (7th Cir. 2003)(citing *Profit Mgmt. Dev. Group v. Jacobson, Brandvik & Anderson, Ltd.,* 309 Ill.App.3d 289, 242 Ill.Dec. 547, 721 N.E.2d 826, 841 (1999); *Kohler v. Woollen, Brown & Hawkins,* 15 Ill.App.3d 455, 304 N.E.2d 677, 681 (1973)). A court may decide, as a matter or law, when a plaintiff knew, or reasonable should have known, of the cause of action where the facts are undisputed and only one conclusion may be drawn. *Lucey v. Law Offices of Pretzel & Stouffer, Chrtd.*, 301 Ill.App.3d 349, 359 (1st Dist. 1998). The elements of a cause of action for attorney malpractice are: (1) an attorney-client relationship; (2) a duty arising from that relationship; (3) a breach of that duty;

and (4) actual damages or injury proximately caused by that breach. *Woidtke*, 335 F.3d at 562 (citing *Sorenson v. Law Offices of Theodore Poehlmann,* 327 Ill.App.3d 706, 262 Ill.Dec. 110, 764 N.E.2d 1227, 1229 (2002); *Profit Mgmt. Dev. Group,* 242 Ill.Dec. 547, 721 N.E.2d 826, 842 (1999)).

A plaintiff is injured for purposes of legal malpractice, and the statute of limitations period begins to run, when a plaintiff has suffered a loss for which it may seek damages. *Woidtke*, 335 F.3d at 564. When Mitchell's underlying action was dismissed for want of prosecution on February 15, 2008, the statute of limitations on his claims under the Jones Act had already expired. Dismissal after a statute of limitations has expired is effectively a dismissal with prejudice. *Hassebrock v. Bernhoft*, 2012 WL 384528 at *3 (S.D.Ill. Feb. 6, 2012) (citing *Cardenas v. City of Chicago,* 646 F.3d 1001, 1008 (7th Cir. 2011)). Accordingly, the two-year statute of limitations period for Mitchell's legal malpractice and breach of fiduciary duty claims against defendants began to run no later than February 15, 2008 and expired no later than February 15, 2010, almost a year before he filed the instant suit on February 11, 2011.

Under Illinois law, a dismissal for want of prosecution is generally not a final and appealable order. *Flores v. Dugan*, 91 Ill.2d 108, 115 (1982). Further, 735 ILCS 5/13-217, commonly referred to as the Illinois saving statute ("saving statute"), provides most plaintiffs with the option of refiling an action within one year of the entry of a dismissal for want of prosecution order, or within the remaining statute of limitations, whichever is greater. Citing to the saving statute, Mitchell argues that the statute of limitations applicable to his pending claims did not begin to run until February 15, 2009, one year after the underlying action was dismissed for want of prosecution.

Unfortunately for Mitchell, the saving statute is not applicable to the underlying action and does not toll the two-year statute of limitations applicable to the instant legal malpractice case for at least two reasons. First, the saving statute only applies to cases that were timely filed at their inception. *Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 107 (1996); *Jain v. Johnson*, 398 Ill.App.3d 135, 138 (2nd Dist. 2010). According to Mitchell, the underlying action was not timely filed at its inception because it was filed one day after the three-year statute of limitations applicable to claims arising under the Jones Act. Second, the saving statute does not apply to cases filed under the Jones Act and cannot extend the applicable three-year statute of limitations. *Picciotto v. RGB Riverboat*, 323 Ill.App.3d, 708, 709 (2nd Dist. 2001); *Stephen v. Selvic Marine Towing, Co.*, 201 Ill.App.3d, 554, 559 (1st Dist 1990).

### III. Conclusion

For these reasons, the Court rejects Mitchell's argument that the statute of limitations for his legal malpractice and breach of fiduciary duty claims did not begin to run until February 15, 2009. Instead, the Court agrees with defendants that the applicable two-year statute of limitations began to run no later than February 15, 2008 and expired well before plaintiff filed the instant case. Accordingly, plaintiff's remaining claims are time-barred and defendants are entitled to the entry of judgment in their favor as to plaintiff's remaining legal malpractice and breach of fiduciary duty claims.

**ORDERED**: Defendant/third party plaintiffs Dennis T. Schoen's and Schoen Brown, P.C. F/K/A Dennis T. Schoen, P.C.'s motion for summary judgment [172] is granted. Judgment is entered in defendants' favor and against plaintiff as to the remaining counts, Counts I and III, of the complaint because those claims are barred by the applicable two-year statute of limitations.

Defendants' third party complaint for contribution against Janice Gambill [41] is denied as moot. All other pending motions are also denied as moot. All matters pending before this Court having been resolved, this civil case is terminated. No appearance required on April 25, 2012.

Entered: _____
George W. Lindberg
Senior U.S. District Court Judge

Dated: ___April 24, 2012_____